1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GINA MARIE ALTO,

                             Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                     Defendant.

Case No. 3:16-cv-05746-KLS

ORDER REVERSING AND
REMANDING  DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of her

application for disability insurance and supplemental security income ("SSI") benefits. Pursuant

to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties

have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing

the parties' briefs and the remaining record, the Court hereby finds that defendant's decision to

deny benefits should be reversed and that this matter should be remanded for further

administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On April 12, 2013 plaintiff filed an application for supplemental security income,

alleging disability as of November 7, 1994. *See* Dkt. 9, Administrative Record ("AR") 10.  Her

application was denied upon initial administrative review on August 16, 2013 and on

reconsideration on February 26, 2014. *See id.* A hearing was held before an administrative law

ORDER - 1

judge ("ALJ") on October 29, 2014 at which plaintiff, represented by counsel, appeared and testified, as did Trevor Duncan, an impartial vocational expert. *See* AR 30-81.

In a decision dated April 9, 2015, the ALJ determined plaintiff to be not disabled. *See* AR 10-22. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on June 24, 2016, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 3-4; 20 C.F.R. § 404.981, § 416.1481. On September 2, 2016 plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on November 7, 2016. *See* Dkt. 9. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, because the ALJ erred:

(1) in discounting plaintiff's credibility; and

(2)  in evaluating the medical evidence from Monica Pilarc, Ph.D., Gene McConnachie, Ph.D., and John Haroian, Ph.D.

For the reasons set forth below, the Court agrees the ALJ erred in discounting plaintiff's credibility and assigning minimal weight to Dr. Pilarc and Dr. McConnachie's medical opinions, and therefore in determining plaintiff to be not disabled.  However, the Court finds reversal and remand for further administrative proceedings, rather than an award for benefits, on this basis is warranted.

<u>DISCUSSION</u>

The Commissioner's determination  that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the

ORDER - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

"substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I.     **The ALJ's Evaluation of the Medical Evidence in the Record**

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating

ORDER - 3

his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

"[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.1996)).  It is insufficient for an ALJ to reject the opinion of a treating or examining physician by merely stating, without more, that there is a lack of objective medical findings in the record to support that opinion. *See Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988).

**A.  Dr. Pilarc**

In August 2012, Dr. Pilarc opined summarily that plaintiff,

may experience considerable challenges with autonomy and remaining
goal-oriented in the face of difficulties…Her testing results and easy
crying as noted during this evaluation suggest that she may face
considerable challenges when faced with stressors (emotional or
otherwise) in the workplace at this time.

AR. 301. Dr. Pilarc also noted that plaintiff "may be unable to function autonomously." AR.

299-300.

The ALJ makes no mention of any of the foregoing conclusions. AR. 19. Rather, the ALJ

only briefly mentions Dr. Pilarc's opinion regarding plaintiff's social shortcomings. *Id.* The ALJ

fails to reference, let alone provide a specific, cogent reason for rejecting Dr. Pilarc's opinions.

For this reason, the Court agrees with plaintiff that the ALJ's rejection of  Dr. Pilarc's opinions

was insufficient.

The Court also notes that the ALJ's treatment of the record suggests improper "cherry-

picking" of aspects of the record that support the ALJ's decision, while failing to develop the

record on aspects of the record that support a finding of disabling limitations. *See Ghanim v.

Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) ("the ALJ improperly cherry-picked some of [the

doctor's] characterizations of [the claimant's] rapport and demeanor instead of considering these

factors in the context of [the doctor's] diagnoses and observations of impairment")(citations

omitted). Here, the ALJ noted only Dr. Pilarc's recommendation that plaintiff's interactions with

others be kept brief and focused (*see* AR. 19 (citing AR. 301)) and failed to appreciate or discuss

fully Dr. Pilarc's opinions and objective findings contained throughout the rest of his

psychological assessment. For example, the ALJ failed to note Dr. Pilarc's assessment that

plaintiff "is likely to be plagued by worry to the degree that her ability to concentrate and attend

is signficiantly comprised… [and her tendency] to be quite emotionally labile, manifesting

fairly rapid and extreme mood swings and poorly controlled anger." AR. 299-300. The ALJ's

ORDER - 5

discussion is further devoid of Dr. Pilarc's conclusions that plaintiff's "phobic behaviors are likely to interefere in some significant way in her life" or "may be unable to function autonomously." AR. 300. Therefore, the ALJ erred discounting Dr. Pilarc's opinion. On remand the ALJ should fully explore Dr. Pilarc's assessment and develop the record more thoroughly.

### B.  Dr. McConnachie

Based on a psychological evaluation performed in July 2013, Dr. McConnachie opined that plaintiff appeared to be functioning quite effectively between her depressive and manic phases, but not during the periods of major depression or mania. AR. 335. During extremes, it is Dr. McConnachie's opinion that "maintaining [effective functioning] will be near impossible and lead to job problems." *Id*. Dr. McConnachie also concluded that plaintiff's attention deficit disorder and fibromyalgia symptoms further increased her difficulties with holding full time employment. *Id*. The ALJ gave little weight to Dr. McConnachie's opinions finding they were supported only by historical diagnosis and plaintiff's subjective reports, not by Dr. McConnachie's physical examination of plaintiff or review of clinical notes. AR. 19. The Court finds the ALJ erred in his finding.

 "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations")). Here, the ALJ erred in finding that Dr. McConnachi relied on plaintiff's historical diagnosis and subjective allegations rather than his own objective assessment. Review

ORDER - 6

of Dr. McConnachie's records demonstrates that during his mental disability evaluation of plaintiff, he conducted a clinical interview of plaintiff (330-335), reviewed plaintiff's records and history (AR. 331-33), and made his own observations of plaintiff in reaching conclusions about her mental status (AR. 330-331, 333-335). Dr. McConnachie's comprehensive assessment therefore does not appear to be solely based on plaintiff's self-reports and contains objective findings which could support his opinions. As such, the Court concludes the ALJ erred in discounting Dr. McConnachie's opinion without substantial support.

## II.    The ALJ's Assessment of Plaintiff's Credibility

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ must provide specific, clear and convincing reasons for finding the claimant's testimony to be not credible supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *Bayliss*, 427 F.3d at 1214 n.1 (*citing Tidwell*, 161 F.3d at 601). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). In addition, the ALJ's "findings, properly supported by the record, must be sufficiently specific to allow" the Court to conclude the ALJ "rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony.'" *Id.* at 345-46 (citation omitted).

Here, the ALJ found plaintiff was not fully credible based upon plaintiff's activities of daily living and situational stressors, her receipt of unemployment benefits and engagement with the Division of Vocational Rehabilitation ("DVR"), and inconsistency with the objective medical

ORDER - 7

evidence. *Id.*  Plaintiff argues these are not specific, clear, and convincing reasons for finding her not fully credible. The Court agrees.

## A.  Activities of Daily Living/Situational Stressors

The Ninth Circuit has repeatedly "asserted that the mere fact that a plaintiff has carried on certain daily activities.  .  .  .  does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit has further specified "two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet 'the threshold for transferable work skills.'" *Orn, supra*, 495 F.3d at 639 (citing *Fair, supra*, 885 F.2d at 603). The ALJ "must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse determination regarding if a claimant's statements should be credited." *Id.*, 495 F.3d at 639 (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). The Ninth Circuit has recognized that "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Daily activities may be grounds for an adverse credibility finding "if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Fair*, 885 F.2d at 603.

The ALJ points to several of plaintiff's daily activities such as raising children and attending school as accomplishments which demonstrate her ability to "carry what essentially was more than one full time job." AR. 16. The ALJ specifically found plaintiff "endured

enormous situational stressors through which she demonstrated fortitude and functional capacity that is not indicative of disability." *Id.* Plaintiff contends that the ALJ did not provide an entirely accurate characterization of the record and in doing so, portrayed plaintiff as more functional than she actually is. Dkt. 12, pp.3-6. The evidence from the record supports plaintiff's claim that she was not as successful in handling her home life and school as it appears in the ALJ's characterization thereof. Specifically, the Court finds that neither of the two grounds for using daily activities to form the basis of an adverse credibility determination is present in plaintiff's case.

First, as she described them, plaintiff's efforts as a mother and student do not contradict her other testimony regarding her impairments and symptoms. *See Fair*, 885 F.2d at 603. In fact, plaintiff's strained attempts to be successful in both of these areas may demonstrate the severity of her impairment. For example, while its true plaintiff makes efforts to parent, she does not do so alone. Rather, the record shows plaintiff receives "a lot of help from relatives." AR. 50. Plaintiff testified her mother-in-law cared for the children "all the time" including weekends, assisted in making parenting decisions, and cooked for plaintiff and the children. AR. 50, 52. The record further shows that despite receiving considerable domestic help from family members, plaintiff struggled to care for her children. AR. 311, 330-31, 400, 452.

Additionally, while plaintiff has been able to attend school, the record is not substantially supportive of the ALJ's conclusion that plaintiff "perform[ed] well" in "complicated" college courses. *See* AR 18. Rather, the record demonstrates plaintiff typically took 2 to 3 classes per quarter for a total of 8.5 hours per week of classroom instruction. AR. 526-27. The record further shows that while plaintiff did well in attendance-based classes such as Zumba and Choir, she either struggled significantly or was completely unable to perform in and ended up dropping,

ORDER - 9

academic classes such as Survey of Computing, Read/Write Academic Success, Lifespan Psychology, English Composition I, Transition to Work, Explore Your Strengths, and The Family. AR. 526-27. Plaintiff had difficultly managing even a part-time school schedule. AR. 351, 452.  For these reasons, the Court concludes the ALJ's finding that plaintiff's parenting and school commitments demonstrated her ability to carry out more than a fulltime job is not a clear and convincing reason for discrediting plaintiff.

Second, the ALJ has not demonstrated how plaintiff's activities meet the threshold for transferable work skills, the second ground for using daily activities in credibility determinations. *Id.* Here, the ALJ has not provided sufficient analysis or support showing that plaintiff's activities were "transferable" to a work setting or that plaintiff spent a "substantial" part of her day engaged in transferable skills. *Id*. Rather, the record shows plaintiff required consistent parenting assistance from family members, as she was unable to complete simultaneously tasks such as homework for her one quarterly academic class and cooking dinner for her children. AR. 50, 52. The record further shows that plaintiff at most attended 8.5 hours of class per week. AR. 526-527. This does not support the ALJ's finding that plaintiff's parenting skills and efforts in school are equitable and transferable to a fulltime work schedule. *See Fair*, 885 F.2d at 603. Therefore, this Court finds the ALJ erred in this regard.

**B.  Unemployment Benefits**

Where the record "does not establish whether [the claimant] held herself out as available for full-time or part-time work," such a "basis for the ALJ's credibility finding is not supported by substantial evidence," as "[o]nly the former is inconsistent with his disability allegations." *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008).

ORDER - 10

1  In 2013, plaintiff reportedly received unemployment benefits. *See* AR. 17, 45-48, 184.

2  Based on this, the ALJ found that plaintiff held herself out as being able to perform full-time

3  work. AR.17. The ALJ discredited plaintiff on the basis that these findings were inconsistent

4  with her statements regarding her inabilities and limitations in the workplace. *Id*.  However, the

5  record fails to support the ALJ's conclusion that plaintiff was not fully credible based upon these

6  findings.

7  While the ALJ stated that "as a matter of law, in order to receive [unemployment]

8  benefits, [plaintiff] was required to make certifications that she was ready, willing and able to

9  accept suitable work," the ALJ failed to cite to any affirmative evidence in the record showing

10  plaintiff certified, or otherwise indicated that she was able to work full-time while in pursuit of

11  unemployment benefits. *See* AR 17. In fact, Plaintiff testified she believed that she filled out

12  unemployment benefits paperwork but could not recall if she was applying for jobs at the time or

13  attending school. AR 45-48. The record is devoid of any evidence of plaintiff's application or

14  other supporting statements from plaintiff which would indicate she in fact held herself out as

15  being able to work full-time. Without such evidence, the ALJ's credibility finding is not

16  supported by substantial evidence.

17  **C.  Engagement with DVR**

18  The claimant was engaged with DVR during most of 2013. *See* AR. 448-506. Ultimately

19  in December 2013, plaintiff chose to postpone vocational rehabilitation services with DVR. AR.

20  451. The ALJ found that plaintiff's engagement with and discharge from DVR was inconsistent

21  with plaintiff's statements regarding her inability to work due to her alleged mental disabilities.

22  AR. 17. The ALJ reasoned that plaintiff disengaged with DVR not because of her mental

ORDER - 11

impairments, but rather due to distractions by domestic responsibilities. *Id*. This conclusion is not clearly supported by the record.

While it is true that plaintiff was reportedly distracted by domestic responsibilities during her engagement with DVR, the record does not show plaintiff failed to complete DVR counseling, training and employment services solely due to these distractions rather than to her alleged mental impairments. Again, it appears the ALJ failed to explore and appreciate how plaintiff's mental impairments may or may not have been a contributing factor in plaintiff's inability to manage responsibilities and commitments such as engagement with DVR. For example, the record shows that throughout her time with DVR, plaintiff repeatedly struggled with her commitments including engagement with DVR, parenting, and schooling (AR. 449-62), experienced symptoms of anxiety and PTSD (AR. 452), and was noted by her DVR counselor to be unable to handle multiple responsibilities. *See* AR. 460 (noting it was "unlikely that [plaintiff] could add full time college to her life and be successful"); AR. 462 (noting working and going to school seems "unlikely"). In discrediting plaintiff regarding her complaints, the ALJ failed to identify how specifically plaintiff's difficulty in managing her domestic responsibilities undermines plaintiff's credibility with regard to her impairments. Therefore, the ALJ erred when she failed to fully and fairly consider the totality of the evidence and provide specific, cogent reasons that plaintiff's domestic responsibilities for discounting plaintiff's testimony regarding her impairments.

### D. Inconsistent with Objective Medical Evidence

The Ninth Circuit has held that determining a claimant's complaints are inconsistent with the objective medical evidence in the record can satisfy the clear and convincing requirement. *See Regennitter v. Commissioner of SSA*, 166 F.3d 1294, 1297 (9th Cir 1999).  The only

ORDER - 12

limitation on the ALJ's use of this as a reason for discounting a claimant's credibility is that the claimant's testimony may not be rejected *solely* because the degree of symptoms alleged is not supported by objective medical evidence. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.2001); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995); *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir.1991) (*emphasis added*).

As discussed above, the Court finds the ALJ failed to sufficiently support her conclusion that plaintiff's complaints were inconsistent with plaintiff's activities, receipt of unemployment, and engagement with DVR. *See Supra*, Subsections A-C.  The ALJ's sole remaining reason for concluding plaintiff was not credible is that her contentions are inconsistent with objective medical evidence. Specifically, the ALJ found that plaintiff's assertion that she has memory difficulties is inconsistent with neuropsychological testing results regarding memory. AR. 17 (citing AR. 512). Assuming this reason is not the sole reason for discrediting plaintiff, it is sufficiently supported by multiple medical providers' objective findings following administration of psychological tests upon plaintiff. *See* AR. 333 (plaintiff's memory "is intact"); *see also* AR. 512 (her "visual recognition memory was intact"). However, the ALJ cannot reject plaintiff's testimony based solely on this claim. As such, without additional properly supported reasons for discrediting plaintiff, the ALJ erred in discounting claimant's credibility based upon inconsistent objective medical evidence.

**III.**   **This Matter Should Be Remanded for Further Administrative Proceedings**

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional

ORDER - 13

investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, they should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues remain with regard to the medical evidence in the record concerning plaintiff's impairments, as well as plaintiff's credibility, remand for further consideration on those issues is warranted.

<u>CONCLUSION</u>

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 31st day of March, 2017.

Karen L. Strombom
United States Magistrate Judge

ORDER - 14